UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DARRELL L. JACKSON,

    Plaintiff,

v.                                             CASE NO. 6:09-cv-1737-Orl-28DAB

ERICK L. CAPRAUN, *et al.*,

    Defendants.

---

## ORDER

Petitioner initiated this action pursuant to 42 U.S.C. § 1983 (Doc. No. 1). This case is before the Court on Plaintiff's Third Amended Complaint (Doc. No. 26), Defendant Tapia's Motion to Dismiss (Doc. No. 53), Defendant Vidler's Motion to Dismiss (Doc. No. 60), and Defendant Capraun's Motion to Dismiss (Doc. No. 73). Plaintiff has filed responses in opposition to the motions (Doc. Nos. 62, 70, & 81).

*I.*    *Background*

Plaintiff Darrell L. Jackson ("Plaintiff"), proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983 against Defendants Orange County Deputy Sheriff Erick L. Capraun ("Capraun"), Deputy Sheriff Keith Vidler ("Vidler), Sheriff Kevin Beary ("Beary"), Officer John Doe, and Assistant State Attorney Antonio Tapia ("Tapia"). *See* Doc. No. 26. Plaintiff alleges that Sheriff Beary and several deputies designed and implemented an illegal bicycle sting operation "targeting poor, homeless, and transit people to deprive them of their

constitutional rights." *Id.* at 8. Specifically, Plaintiff contends that on January 28, 2008, at approximately 2:30 p.m., he was walking on the corner of John Young Parkway and Washington Street in Orlando, Florida, when he noticed a bicycle lying "abandoned" in the middle of the sidewalk. *Id.* at 8-9. Plaintiff alleges that Defendant Vidler placed the bicycle on the street "to lure someone into their trap." *Id.* at 9. Plaintiff states that upon looking around and seeking no one in the vicinity of the bicycle, he assumed it had been abandoned. *Id.* Plaintiff noticed that the tires were flat, but he got on the bicycle and proceeded to ride it northbound on John Young Parkway. *Id.* at 10.

Plaintiff alleges that as he neared Colonial Drive, an Orange County Sheriff vehicle stopped and blocked the sidewalk. *Id.* at 10. The officer, Defendant Doe, exited the vehicle, and ran toward him while yelling, "get on the ground." *Id.* Plaintiff slowed the bicycle down, preparing to stop, but before he could stop, the officer used unnecessary and excessive force by pushing him backward, which resulted in Plaintiff's fall to the ground, causing injury and pain to his back. *Id.* at 10-11. Plaintiff contends that the officer then "dove" on top of him and "roughed him up." *Id.* at 11. After Plaintiff was handcuffed, the officer allegedly found drug paraphernalia. *Id.* Plaintiff asserts that the paraphernalia was never field tested for drugs. *Id.*

Plaintiff states that he was falsely arrested without probable cause, falsely imprisoned, and maliciously prosecuted. *Id.* at 9-11. Moreover, Plaintiff alleges that because of the officers actions, he suffered a loss of liberty and property. *Id.* at 11. Plaintiff states he was booked for grand theft and possession of drug paraphernalia. *Id.* at 13.

Plaintiff contends that the grand theft charges were later dismissed and the drug paraphernalia case, a misdemeanor, was assigned to Defendant Tapia. *Id.* Plaintiff argues that instead of dismissing the charge because it was "baseless and without probable cause" Tapia proceeded on the charges. *Id.* Eventually Tapia entered a nolle prosequi. *Id.* at 14. Plaintiff asserts that Tapia initiated the prosecution so that Plaintiff's probation would be violated and he would be sent back to prison. *Id.* at 14.

Plaintiff alleges claims of Fourth Amendment false arrest, false imprisonment, and malicious prosecution and a claim of supervisory and municipal liability against Defendant Beary.

## II.  *Standard of Review*

When considering a motion to dismiss pursuant to Rule 12(b)(6), the complaint is construed in the light most favorable to the plaintiff and its allegations are taken as true. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007); *Quality Foods de Centro America, S.A. v. Latin American Agribusiness Development Corporation S.A.*, 711 F.2d 989, 994-95 (11th Cir. 1983). A complaint must contain a short and plain statement demonstrating an entitlement to relief, and the statement must "give the defendant 'fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 319 (2007) (quoting *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336, 346 (2005)). Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations of the complaint. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 (2007).

3

In order to survive a motion to dismiss, a complaint "does not need detailed factual allegations," but must plead "enough facts to state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 555, 570; *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009); *Randall v. Scott*, 610 F.3d 701, 708 (11th Cir. 2010). Thus, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.*

Dismissal is also warranted under Rule 12(b)(6) if, assuming the truth of the factual allegations of the plaintiff's complaint, there remains a dispositive legal issue which precludes relief. *Neitzke v. Williams*, 490 U.S. 319, 326 (1989); *Brown v. Crawford County, Ga.*, 960 F.2d 1002, 1009-10 (11th Cir. 1992). Moreover, in the case of a *pro se* action, the Court should construe the complaint more liberally than it would pleadings drafted by lawyers. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980).

### III. Discussion

#### A. Defendant Tapia's Motion to Dismiss

Defendant Tapia is an Assistant State Attorney for the Ninth Judicial Circuit Court, in and for Orange County (Doc. No. 53 at 1). Tapia moves to dismiss Plaintiff's complaint because (1) Plaintiff failed to state a cause of action; (2) he is entitled to Eleventh

Amendment immunity in his official capacity; and (3) he is entitled to prosecutorial immunity. *Id.*

Plaintiff alleges that as a prosecutor, Tapia was involved in maliciously prosecuting him for possession of drug paraphernalia. Prosecutors are immune from suit under section 1983 for acts taken during the course of their duty as a prosecutor. *Kalina v. Fletcher*, 522 U.S. 118 (1997); *Imbler v. Pachtman*, 424 U.S. 409 (1976); *Jones v. Cannon*, 174 F.3d 1271, 1281 (11th Cir. 1999) (prosecutors enjoy absolute immunity from suits relating to the initiation and pursuit of criminal prosecution, alleging malicious prosecution, regarding appearances before the court, and stemming from the prosecutor's function as an advocate). "The decision to file or not file criminal charges is protected by prosecutorial immunity." *Quinn v. Roach*, 326 F.App'x 280, 292 (5th Cir. 2009) (citing *Oliver v. Collins*, 904 F.2d 278, 281 (5th Cir. 1990)); *Bryant v. Mostert*, 636 F.Supp.2d 1303, 1311 (M.D. Fla. 2009). In the instant case, the alleged wrongful act concerns the decision of initiating and pursuing a criminal action, which clearly falls within the scope of Tapia's prosecutorial duties. As such, Tapia is cloaked with absolute immunity and he is entitled to dismissal from this action. Because Plaintiff's suit against him is barred, the Court thus declines to address Tapia's other grounds for dismissal. Accordingly, Defendant Tapia's motion to dismiss is granted.

### B. *Defendants Vidler and Capraun's Motions to Dismiss*

Defendant Vidler, Orange County Deputy Sheriff, moves to dismiss the Third Amended Complaint because Plaintiff has failed to allege sufficient Fourth Amendment claims of false arrest, false imprisonment or malicious prosecution because Defendant

Vidler did not arrest, detain, or prosecute the Plaintiff in this case (Doc. No. 63 at 3-4). Moreover, Defendant Vidler asserts that he is entitled to qualified immunity because there was sufficient probable cause for Plaintiff's arrest. *Id.* at 6-8. Defendant Capraun moves to dismiss Plaintiff's complaint because (1) there was sufficient probable cause for Plaintiff's arrest and detention and (2) Plaintiff has failed to prove the required elements of malicious prosecution (Doc. No. 73 at 1). Defendant Capraun also argues that he is entitled to qualified immunity. *Id.* at 2.

"To establish § 1983 liability, a plaintiff must show 'proof of an affirmative causal connection' between a government actor's acts or omissions and the alleged constitutional violation, which 'may be established by proving that the official was personally involved in the acts that resulted in the constitutional deprivation.'" *Brown v. City of Huntsville*, 608 F.3d 724, 737 (11th Cir. 2010) (quoting *Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986)). In *Brown*, the Eleventh Circuit affirmed the federal district court's grant of qualified immunity to officers where the facts did not show personal participation in the plaintiff's arrest. *Id.* The court noted that "[m]erely being present with the arresting officers at the scene is not enough, unless the plaintiff can show that the defendant officer was part of the chain of command authorizing the arrest action." *Id.*

"The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 129 S.Ct. 808, 815 (2009) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)) (quotation

6

omitted). "The purpose of qualified immunity is to allow officials to carry out discretionary duties without the chilling fear of personal liability or harrassive litigation, protecting from suit all but the plainly incompetent or one who is knowingly violating the federal law." *McCullough v. Antolini*, 559 F.3d 1201, 1205 (11th Cir. 2009) (citations omitted) (quotations omitted). To receive qualified immunity a defendant must first prove he or she was acting within the scope of his or her discretionary authority. *See Vineyard v. Wilson*, 311 F.3d 1340, 1346 (11th Cir. 2002).

Once a defendant shows that he or she was acting within his or her discretionary authority, the burden shifts to the plaintiff to demonstrate that qualified immunity is not appropriate. *Lumley v. City of Dade City*, 327 F.3d 1186, 1194 (11th Cir. 2003). The Supreme Court has set forth a two-part test for the qualified immunity analysis. First, a court must determine "whether [the] plaintiff's allegations, if true, establish a constitutional violation." *Hope v. Pelzer*, 536 U.S. 730, 736 (2002). If Plaintiff's version of the facts set forth the violation of a constitutional right, the next step is to ask whether the right was clearly established at the time of the alleged conduct. *Saucier v. Katz*, 533 U.S. 194, 201 (2001). It is within a court's discretion to decide which prong of the qualified immunity analysis to address first. *See Pearson*, 129 S. Ct. at 818.

Plaintiff's allegations in the Third Amended Complaint state that Defendant Vidler placed a bicycle on the sidewalk of John Young Parkway, in Orange County, Florida (Doc. No. 26 at 8-9). Plaintiff was stopped by Officer John Doe and later arrested by Defendant Capraun for the theft of the bicycle. *Id.* at 10-11. Defendant Capraun transported Plaintiff

to the Jail and filed the police report that was used to initiate charges against him. *Id.* at 12. Plaintiff's complaint contains no allegations that Defendant Vidler was involved in Plaintiff's arrest, detention, or prosecution beyond his mere placement of the bicycle on John Young Parkway.

In the instant case, Defendant Vidler was acting in the scope of his discretionary authority as a police officer when he placed the bicycle on John Young Parkway. Plaintiff has not presented any evidence demonstrating otherwise. The Court must then determine whether Plaintiff's allegations establish a violation of his Fourth Amendment rights. Plaintiff has not shown that Defendant Vidler personally participated in the violation of his Fourth Amendment rights. Plaintiff has not alleged proof of an affirmative causal connection between Defendant Vidler's actions and the alleged constitutional violations, namely, false arrest, false imprisonment, and malicious prosecution because Defendant Vidler did not arrest, detain, or initiate prosecution of Plaintiff. *See Brown*, 608 F.3d at 737 (stating mere presence at the scene is not enough to establish liability, because a plaintiff must shown that a defendant personally participated in the arrest). Thus, Defendant Vidler is entitled to qualified immunity and his motion to dismiss is granted.

Furthermore, even if Plaintiff had demonstrated that Defendant Vidler personally participated in his arrest, detention, and prosecution because he was part of the investigative team surrounding the "bicycle sting" operation, Defendant Vidler is still entitled to qualified immunity. Additionally, Defendant Capraun is also entitled to qualified immunity. Plaintiff cannot establish that Fourth Amendment violations occurred

in this case because there was probable cause to arrest and detain him and because he has not established a viable claim of malicious prosecution claim.

A "warrantless arrest without probable cause violates the Fourth Amendment and forms a basis for a section 1983 claim." *Rodriguez v. Farrell*, 280 F.3d 1341, 1345 (11th Cir. 2002) (citation omitted) (quotation omitted); *Von Stein v. Brescher*, 904 F.2d 572, 578 (11th Cir. 1990). A claim of false arrest, however, is barred by the existence of probable cause, *Marx v. Gumbinner*, 905 F.2d 1503, 1505-06 (11th Cir. 1990), or by the subsequent conviction of the accused, *Cameron v. Fogarty*, 806 F.2d 380, 387 (2d Cir. 1986). Similarly, probable cause at the time of an arrest constitutes an absolute bar to a section 1983 action for false imprisonment. *Case v. Eslinger*, 555 F.3d 1317, 1330 (11th Cir. 2009).

"Probable cause to arrest exists when law enforcement officials have facts and circumstances within their knowledge sufficient to warrant a reasonable belief that the suspect had committed or was committing a crime." *Williams v. Sirmons*, 307 F.App'x 354, 358 (11th Cir. 2009) (citing *United States v. Floyd*, 281 F.3d 1346, 1348 (11th Cir. 2002); *Rankin v. Evans*, 133 F.3d 1425, 1433 (11th Cir. 1998)). "In the context of a claim for false arrest, an officer is entitled to qualified immunity where that officer had 'arguable probable cause,' that is, where 'reasonable officers in the same circumstances and possessing the same knowledge as the Defendants could have believed that probable cause existed to arrest' the plaintiff." *Davis v. Williams*, 451 F.3d 759, 762-63 (11th Cir. 2006) (quoting *Kingsland v. City of Miami*, 382 F.3d 1220, 1232 (11th Cir. 2004)); *Von Stein*, 904 F.2d at 579.

In the instant case, the parties do not dispute that Plaintiff was arrested after he saw

a bicycle lying on the sidewalk and proceeded to take the bicycle and ride away with it. The question before the Court Plaintiff's arrest and detention violated the Fourth Amendment. The Court must determine whether reasonable police officers in the same circumstances could have believed that arguable probable cause existed to arrest Plaintiff. According to Defendants Vidler and Capraun, the officers on the scene had sufficient probable cause to conclude that Plaintiff had committed the offense of theft or grand theft (Doc. Nos. 60 at 5-6, 73 at 5).

The existence of probable cause to arrest is based on objective standards. *Von Stein*, 904 F.2d at 578 (citation omitted). Thus, the level of proof needed to make a probable cause determination is conspicuously less than that which is needed to obtain a conviction, and the fact that a criminal defendant is later acquitted or released does not by itself mean that probable cause was initially lacking. *Marx*, 905 F.2d at 1507. The Court, therefore, concludes that the officers on the scene had arguable probable cause to arrest and detain Plaintiff because they saw Plaintiff commit the offense of theft. As such, Plaintiff cannot prove a claim of false arrest and false imprisonment. Thus, Defendants Vidler and Capraun are entitled to qualified immunity with respect to Plaintiff's false arrest and false imprisonment claims.

Next, Plaintiff argues that Defendants Vidler and Capraun maliciously prosecuted him for grand theft. To prevail on a claim for malicious prosecution, a plaintiff must prove:

> (1) an original judicial proceeding against the . . . plaintiff was commenced or continued; (2) the present defendant was the legal cause of the original proceeding; (3) the termination of the original proceeding constituted a bona fide termination of that proceeding in favor of the present plaintiff; (4) there

was an absence of probable cause for the original proceeding; (5) there was malice on the part of the present defendant; and (6) the plaintiff suffered damages as a result of the original proceeding.

*Kingsland v. City of Miami*, 382 F.3d 1220, 1234-35 (11th Cir. 2004).

Although Plaintiff was charged with grand theft due to his arrest and later the charge was dropped, Plaintiff cannot demonstrate that there was an absence of probable cause in this case. As the Court noted above, there was arguable probable cause to believe that Plaintiff committed the offense of theft, therefore, the officers had probable cause to initiate criminal proceedings against Plaintiff. Plaintiff has not demonstrated that Defendants Vidler and Capraun violated his Fourth Amendment rights by initiating a criminal prosecution for grand theft because they did not do so in the absence of probable cause. The Court finds that Defendants Vidler and Capraun are also entitled to qualified immunity on the malicious prosecution claim. Therefore, Defendant Vidler and Defendant Capraun's motions to dismiss are granted.

To the extent Defendants Vidler and Capraun both address a Fourteenth Amendment claim, Plaintiff notes in his responses to the motions to dismiss that he did not allege such a claim against these Defendants (Doc. Nos. 70 at 7, 73 at 7). Therefore, the Court will not address this argument.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant Tapia's Motion to Dismiss (Doc. No. 53) is **GRANTED**. Defendant Tapia is dismissed from this action.

2. Defendant Vidler's Motion to Dismiss (Doc. No. 60) is **GRANTED**.

11

Defendant Vidler is dismissed from this action.

3. Defendant Capraun's Motion to Dismiss (Doc. No. 73) is **GRANTED**.

Defendant Capraun is dismissed from this action.

**DONE AND ORDERED** in Orlando, Florida, this ___ day of June, 2011.

JOHN ANTOON II
UNITED STATES DISTRICT JUDGE

Copies to:
OrlP-3 6/13
Darrell L. Jackson
Counsel of Record

12