UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DARRELL L. JACKSON,

     Plaintiff,

v.                                  CASE NO. 6:09-cv-1737-Orl-28DAB

ERICK L. CAPRAUN, *et al.*,

     Defendants.

_____

## ORDER

Plaintiff initiated this action pursuant to 42 U.S.C. § 1983 (Doc. No. 1). This case is before the Court on Plaintiff's Third Amended Complaint (Doc. No. 26), Defendant Beary's Motion to Dismiss (Doc. No. 84), and Plaintiff's Memorandum of Law in Opposition to the Motion to Dismiss (Doc. No. 87).

## I.    *Background*

Plaintiff Darrell L. Jackson ("Plaintiff"), proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983 against Defendants Orange County Deputy Sheriff Erick L. Capraun ("Capraun"), Deputy Sheriff Keith Vidler ("Vidler"), Sheriff Kevin Beary ("Beary"), Officer John Doe, and Assistant State Attorney Antonio Tapia ("Tapia").[1] *See* Doc. No. 26. Plaintiff alleges that Sheriff Beary and several deputies designed and implemented an illegal bicycle

---

[1] On June 17, 2011, this Court granted Defendant Capraun's, Vidler's, and Tapia's Motions to Dismiss (Doc. No. 85). Those Defendants were dismissed from the instant action.

sting operation "targeting poor, homeless, and transient people to deprive them of their constitutional rights." *Id.* at 8. Specifically, Plaintiff contends that on January 28, 2008, at approximately 2:30 p.m., he was walking on the corner of John Young Parkway and Washington Street in Orlando, Florida, when he noticed a bicycle lying "abandoned" in the middle of the sidewalk. *Id.* at 8-9. Plaintiff alleges that Defendant Vidler placed the bicycle on the street "to lure someone into their trap." *Id.* at 9. Plaintiff noticed that the tires were flat, but he got on the bicycle and proceeded to ride it northbound on John Young Parkway. *Id.* at 10.

Plaintiff alleges that as he neared Colonial Drive, an Orange County Sheriff's vehicle stopped and blocked the sidewalk. *Id.* at 10. The officer, Defendant Doe, exited the vehicle, and ran toward him while yelling, "get on the ground." *Id.* Plaintiff slowed the bicycle down, preparing to stop, but before he could stop, the officer used unnecessary and excessive force by pushing him backward, which resulted in Plaintiff's fall to the ground, causing injury and pain to his back. *Id.* at 10-11. Plaintiff contends that the officer then "dove" on top of him and "roughed him up." *Id.* at 11. After Plaintiff was handcuffed, the officer allegedly found drug paraphernalia. *Id.* Plaintiff asserts that the paraphernalia was never field tested for drugs. *Id.*

Plaintiff states that he was falsely arrested without probable cause, falsely imprisoned, and maliciously prosecuted. *Id.* at 9-11. Moreover, Plaintiff alleges that because of the officers actions, he suffered a loss of liberty and property. *Id.* at 11. Plaintiff states he was booked for grand theft and possession of drug paraphernalia. *Id.* at 13.

2

Plaintiff contends that the grand theft charges were later dismissed and the drug paraphernalia case, a misdemeanor, was prosecuted by Defendant Tapia. *Id.* Plaintiff argues that Defendant Tapia proceeded on the charges instead of dismissing them because as "baseless and without probable cause." *Id.* Eventually Tapia entered a nolle prosequi. *Id.* at 14. Plaintiff alleges claims of Fourth Amendment false arrest, false imprisonment, and malicious prosecution and a claim of supervisory liability against Defendant Beary.

## II.   *Standard of Review*

When considering a motion to dismiss pursuant to Rule 12(b)(6), the complaint is construed in the light most favorable to the plaintiff and its allegations are taken as true. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007); *Quality Foods de Centro America, S.A. v. Latin American Agribusiness Development Corporation S.A.*, 711 F.2d 989, 994-95 (11th Cir. 1983). A complaint must contain a short and plain statement demonstrating an entitlement to relief, and the statement must "give the defendant 'fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 319 (2007) (quoting *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336, 346 (2005)). Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations of the complaint. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 (2007).

In order to survive a motion to dismiss, a complaint "does not need detailed factual allegations," but must plead "enough facts to state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 555, 570; *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009); *Randall*

3

*v. Scott*, 610 F.3d 701, 708 (11th Cir. 2010).  Thus, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted).  "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id*.

Dismissal is also warranted under Rule 12(b)(6) if, assuming the truth of the factual allegations of the plaintiff's complaint, there remains a dispositive legal issue which precludes relief. *Neitzke v. Williams*, 490 U.S. 319, 326 (1989); *Brown v. Crawford County, Ga.*, 960 F.2d 1002, 1009-10 (11th Cir. 1992).  Moreover, in the case of a *pro se* action, the Court should construe the complaint more liberally than it would pleadings drafted by lawyers. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980).

### III.    *Discussion*

Defendant Beary moves to dismiss the instant action against him, stating first that he is no longer the Sheriff of Orange County, Florida.  While Defendant is no longer the Sheriff, Plaintiff has sued Defendant Beary in his individual capacity and not in his official capacity as Sheriff of Orange County.  *See* Doc. No. 26 at 1.  Defendant Beary was the Sheriff of Orange County on January 28, 2008, the date Plaintiff was arrested.  Therefore, Defendant Beary is not entitled to dismissal on this basis.

Individual liability under § 1983 can arise vicariously through a theory of *respondeat*

4

superior. *Monell*, 436 U.S. at 690-95.   Without the liability-extending tool of *respondeat superior*, "[s]upervisory officials cannot be held liable under § 1983 for the unconstitutional actions of their subordinates[.]"   *Gray v. Bostic*, 458 F.3d 1295, 1308 (11th Cir. 2006). However, the absence of vicarious liability does not foreclose holding a supervisor independently liable if he or she acts in a deliberately indifferent manner towards the plaintiff. *Greason v. Kemp*, 891 F.2d 829, 836-37 (11th Cir. 1990).

Under the "extremely rigorous" standard for holding a supervisor liable in his individual capacity, supervisory liability is only appropriate "when the supervisor personally participates in the alleged unconstitutional conduct or when there is a causal connection between the actions of a supervising official and the alleged unconstitutional deprivation." *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003) (citations omitted). "The necessary causal connection can be established when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so," or "when a supervisor's custom or policy . . . result[s] in deliberate indifference to constitutional rights or when facts support an inference that the supervisor directed the subordinates to act unlawfully and failed to stop them from doing so." *Id.* (citations and internal quotation marks omitted).

Defendant Beary argues that he had no personal involvement or participation in Plaintiff's arrest and therefore is entitled to qualified immunity. "The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a

reasonable person would have known." *Pearson v. Callahan,* 522 U.S. 223, 231 (2009) (citing *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982)) (quotation omitted). "The purpose of qualified immunity is to allow officials to carry out discretionary duties without the chilling fear of personal liability or harrassive litigation, protecting from suit all but the plainly incompetent or one who is knowingly violating the federal law." *McCullough v. Antolini,* 559 F.3d 1201, 1205 (11th Cir. 2009) (citations omitted) (quotations omitted). To receive qualified immunity a defendant must first prove he or she was acting within the scope of his or her discretionary authority. *See Vineyard v. Wilson,* 311 F.3d 1340, 1346 (11th Cir. 2002).

Once a defendant shows that he or she was acting within his or her discretionary authority, the burden shifts to the plaintiff to demonstrate that qualified immunity is not appropriate. *Lumley v. City of Dade City,* 327 F.3d 1186, 1194 (11th Cir. 2003). The Supreme Court has set forth a two-part test for the qualified immunity analysis. First, a court must determine "whether [the] plaintiff's allegations, if true, establish a constitutional violation." *Hope v. Pelzer,* 536 U.S. 730, 736 (2002). If Plaintiff's version of the facts set forth the violation of a constitutional right, the next step is to ask whether the right was clearly established at the time of the alleged conduct. *Saucier v. Katz,* 533 U.S. 194, 201 (2001). It is within a court's discretion to decide which prong of the qualified immunity analysis to address first. *See Pearson,* 522 U.S. at 236.

Plaintiff's allegations in the Third Amended Complaint state that Defendant Beary instituted the policy of conducting illegal bicycle sting operations in Orange County.

6

Defendant Beary was acting within the scope of his discretionary authority as Sheriff of Orange County when he allegedly instituted this policy. Thus, the Court must determine whether Plaintiff has established a violation of his constitutional rights.

Although Defendant Beary alleges that he had no personal involvement in this case, Plaintiff specifically alleges that Defendant Beary instituted the policy, practice or custom that allowed the officers to initiate the allegedly illegal bicycle sting operation which led to his arrest and prosecution. Defendant Beary does not attach, and this Court cannot consider at this stage of the litigation, evidence outside of the pleadings to support this claim. *See Christy v. Sheriff of Palm Beach County*, 288 F. App'x 658, 665 (11th Cir. 2008) (federal district courts cannot rely on extrinsic evidence such as an affidavit because it would be outside the pleadings at the motion to dismiss stage unless such a motion is converted into one for summary judgment). This Court must accept Plaintiff's factual allegations that Defendant Beary was involved in instituting the policy that resulted in his arrest and prosecution as true at the motion to dismiss stage. *Erickson*, 551 U.S. at 93-94; *Quality Foods*, 711 F.2d at 994-95.

Plaintiff's allegations essentially state that Defendant Beary's custom or policy, *i.e.*, the illegal bicycle sting operation, amounted to entrapment and led to his illegal arrest and prosecution. However, Plaintiff has not demonstrated that a violation of his constitutional rights has occurred. This Court found in its June 17, 2011 Order that Plaintiff's arrest and subsequent prosecution did not violate the Fourth Amendment because they were based on arguable probable cause (Doc. No. 85). The Court stated that Plaintiff's arrest,

7

detention, and prosecution after he took possession of a bicycle lying on a sidewalk were not unconstitutional because the officers had arguable probable cause to detain Plaintiff for theft. *Id.* at 9-10. Additionally, a claim of entrapment is not sufficient to support section 1983 liability or to negate probable cause. *See Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 866 (7th Cir. 2004) (citing *Humphrey v. Staszak*, 148 F.3d 719, 724 (7th Cir. 1998)); *GeorgiaCarry.org, Inc. v. Metro. Atlanta Rapid Transit Authority*, No 1:09-cv-594-TWT, 2009 WL 5033444, at * (N.D. Ga. Dec. 14, 2009); *Smith v. Millett*, No. 2:07-cv-723-TS, 2009 WL 3181996, at *6 (D. Utah Sept. 28, 2009) ("the defense of entrapment may not may not be asserted as a basis for a cause of action under Section 1983") (citing *United States v. Russell*, 411 U.S. 423 (1973)). As such, Plaintiff's contention that Defendant Beary's institution of a practice of sting operations to entrap individuals is not an actionable claim. Therefore, Defendant Beary is entitled to qualified immunity because Plaintiff has not demonstrated that Beary's custom or policy resulted in deliberate indifference to his constitutional rights. As such, Defendant Beary's Motion to Dismiss (Doc. No. 84) is **GRANTED.**[2]

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.    Defendant Beary's Motion to Dismiss (Doc. No. 84) is **GRANTED**. Defendant Beary is dismissed from this action.

2.    Defendants Orange County and John Doe have not been served with the complaint. To continue the prosecution of this case, Plaintiff must complete each of the

---

[2]To the extent that Defendant Beary also addresses a Fourteenth Amendment claim, Plaintiff notes in his response to the motion to dismiss that he did not allege such a claim against this Defendant (Doc. No. 87). Therefore, the Court will not address this argument.

enclosed forms for Defendants Orange County:[3]

    A.     Notice of a Lawsuit and Request to Waive Service of a Summons

        Plaintiff write his name, the defendants' names, and the case number in the designated spaces on the top of the Notice of a Lawsuit and Request to Waive Service of a Summons Form.  Plaintiff should write in "30" in the blank in the phrase, "within _____ days. . . ."  <u>PLAINTIFF MUST SIGN THE NOTICE OF A LAWSUIT AND REQUEST TO WAIVE SERVICE OF A SUMMONS FORM.</u>  Plaintiff <u>should not</u> fill in the date in the line following the sentence that reads: "I certify that this request is being sent to you on the date below."

        Plaintiff must return the original and one copy of the completed Notice of Lawsuit and Request for Waiver of Service of a Summons.

    B.     Waiver of the Service of Summons

        Plaintiff shall write his name, the defendants' names, and the case number in the designated spaces on the top of the form.  Plaintiff must return the original and one copy of the completed Waiver of the Service of Summons.  <u>PLAINTIFF SHOULD NOT COMPLETE OR SIGN ANY OF THE BLANKS AFTER THE SENTENCE STATING, "If I fail to do so, a default judgment will be entered against me or the entity I represent."</u>

    C.     Marshal's form (Form 285)

        Plaintiff is required to fill in his name and address

---

[3]The Court notes that John Doe defendants cannot be served. *See Kennedy v. Gee*, No. 8:09-cv-361-T-30TGW, 2009 WL 1514621, at *3 (M.D. Fla. May 28, 2009) (noting that fictitious party practice is not permitted in federal court and stating that identifying a person as John or Jane Doe is insufficient for the Court to effect service of process). Therefore, Plaintiff shall identify the John Doe defendant and complete forms for this defendant or shall attempt to discover his identity from Orange County after that Defendant is served.

and the name(s) and address(es) of Defendant(s) in the appropriate spaces on the Marshal's form.  PLAINTIFF MUST SIGN THE 285 FORM.

The Clerk of Court is directed to mail the above-mentioned forms to Plaintiff, and he must then mail the completed forms to the Clerk's Office.  The completed forms must be returned to the Clerk's Office within **TWENTY-ONE (21) DAYS** from the date of this Order.  Failure to return the completed forms within this time period will result in dismissal for failure to prosecute, without further notice.  Plaintiff should also note that under Federal Rule of Civil Procedure 4(m) a district court may dismiss an action on its own motion if service is not perfected within 120 days after the filing of the complaint, and the plaintiff fails to show good cause why service was not made within that time. Therefore, failure to complete the forms for the above-mentioned Defendant could result in the Defendant's dismissal from this action without further notice.

**DONE AND ORDERED** in Orlando, Florida, this ____ day of September, 2011.

JOHN ANTOON II
UNITED STATES DISTRICT JUDGE

Copies to:
OrlP-3 9/2
Darrell L. Jackson
Counsel of Record

10